# 319

No. 49433.—Protest 83273–K of Milton Snedeker Corp. (New York).

KEEFE, Judge: In this case it is contended that duty was taken upon the basis of too great a quantity of certain pitted and unpitted dates imported from Iraq. It is claimed, first, that an insufficient allowance was made for the weight of the cases; and second, that a greater allowance in duties should have been made for the 3,778 pounds of dates condemned by the Food and Drug Administration for the reason that allowance was made at the rate of 1 cent per pound for unpitted dates whereas the quantity destroyed consisted of pitted dates, upon which duties of 2 cents per pound had been paid.

At the trial it was established, without question, that the dates destroyed under customs supervision consisted of pitted dates rather than unpitted dates as noted by the inspector supervising the destruction. The evidence, however, is insufficient in our opinion to establish that insufficient tare was allowed for the weight of the cases and paper wrappings. The city weighers weighed 10 percent of the shipment, finding the gross weight upon scales which recorded no less than pounds. The Government weighers weighed 1 percent of the shipment upon tested scales weighing pounds and ounces. In so weighing, the dates were taken out of the cases and weighed, resulting in the actual weight of the dates plus the weight of certain paper packing. From one case of each lot this paper packing was removed and weighed separately. From the actual weight of 1 percent of the merchandise, and the actual weight of the paper contained in one case of each lot, the Government weigher estimated the net weight of the dates contained in the shipment. On the other hand, the importer's representative testified that when the boxes are received in plaintiff's establishment from 5 to 10 boxes are weighed out of each lot by removing the contents of the boxes and removing the paper from the dates and putting it in the boxes and weighing the boxes, and invariably the boxes weigh with the paper 8 pounds for the full boxes and 5 pounds for the half boxes and that he has been weighing the boxes in each shipment for the past 25 years with the same result. It does not appear that the witness made any notations of the weights of the various boxes in this shipment or that he specifically remembered weighing these particular boxes, nor are we impressed with the aforesaid manner of determining the net weight of the merchandise. In our opinion, neither the gross weight, nor a determination of the net weight therefrom, is as accurate a method as that used by the Government weighers. Here the customs officials determined the net weight in accordance with the regulations, and such net weight has not been established erroneous.

For the reasons stated judgment will be rendered in favor of the plaintiff in respect to its claim that an insufficient allowance in duties was made for the 3,778 pounds of dates rejected and destroyed under customs supervision. Judgment will therefore be entered directing the collector to reliquidate the entry making refund of duties upon 3,778 pounds of pitted dates at 2 cents per pound rather than at 1 cent per pound. In all other respects the protest is overruled.